NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

_____

**ZAXCOM, INC.,**
*Appellant*

**v.**

**LECTROSONICS, INC.,**
*Cross-Appellant*

**v.**

**ANDREW HIRSHFELD, PERFORMING THE FUNCTIONS AND DUTIES OF THE UNDER SECRETARY OF COMMERCE FOR INTELLECTUAL PROPERTY AND DIRECTOR OF THE UNITED STATES PATENT AND TRADEMARK OFFICE**
*Intervenor*

_____

2020-1921, 2020-1922, 2020-1943, 2020-1944
_____

Appeals from the United States Patent and Trademark Office, Patent Trial and Appeal Board in Nos. IPR2018-01129, IPR2018-01130.

_____

Decided: February 18, 2022
_____

ROBERT GREENSPOON, Dunlap Bennett & Ludwig PLLC, Chicago, IL, argued for appellant. Also represented by GREGORY J. GONSALVES, Vienna, VA; RITA CHIPPERSON, Chipperson Law Group, P.C., New York, NY.

CORY C. BELL, Finnegan, Henderson, Farabow, Garrett & Dunner, LLP, Boston, MA, argued for cross-appellant. Also represented by J. DEREK MCCORQUINDALE, Reston, VA.

MOLLY R. SILFEN, Office of the Solicitor, United States Patent and Trademark Office, Alexandria, VA, argued for intervenor. Also represented by THOMAS W. KRAUSE, ROBERT MCBRIDE, ROBERT J. MCMANUS, FARHEENA YASMEEN RASHEED.

DAVID P. SWENSON, Patterson Thuente Pedersen, PA, Minneapolis, MN, for amicus curiae US Inventor, Inc.

MATTHEW JAMES DOWD, Dowd Scheffel PLLC, Washington, DC, for amicus curiae Paul R. Michel.

————————————

Before LOURIE, SCHALL, and TARANTO, *Circuit Judges*.

TARANTO, *Circuit Judge*.

Lectrosonics, Inc. petitioned the Patent and Trademark Office to institute two inter partes reviews, under 35 U.S.C. §§ 311–19, of claims of two patents owned by Zaxcom, Inc.—claims 7, 8, 11, 12, 14, and 15 of U.S. Patent No. 7,929,902, and claims 1–4, 9, 10, 12, 15, 31, 36, 37, and 41–45 of U.S. Patent No. 8,385,814. After institution of the requested reviews, Zaxcom filed, in each proceeding, a motion to replace the challenged original claims with corresponding substitute claims if the Patent Trial and Appeal Board held the challenged original claims unpatentable. The Board issued two final written decisions holding all challenged claims unpatentable, and it therefore addressed

Zaxcom's proposed substitute claims, which it allowed to be added to the patents because Lectrosonics had not proved them unpatentable. *Lectrosonics, Inc. v. Zaxcom, Inc.*, No. IPR2018-01129, 2020 WL 407145, at \*31 (P.T.A.B. Jan. 24, 2020); *Lectrosonics, Inc. v. Zaxcom, Inc.*, No. IPR2018-01130, 2020 WL 407146, at \*27–28 (P.T.A.B. Jan. 24, 2020). Zaxcom appeals the Board's rejection of the original claims, and Lectrosonics appeals the Board's upholding of the substitute claims. We affirm the determinations in both IPRs.

I

The '814 and '902 patents share a specification, and the audio recording technology described and claimed is similar to that in U.S. Patent No. 9,336,307, discussed in the opinion we issue today in *Zaxcom, Inc. v. Lectrosonics, Inc.*, Nos. 20-1350, -1405 ("*'307 Decision*"). The specification also discloses a "master timecode generator" that transmits time code references to local audio devices, which synchronize their local timecode generators with the master. '902 patent, col. 16, lines 30–37. The '902 patent had two challenged original independent claims: a system claim (claim 7) and a method claim (claim 12). *See id.*, col. 24, line 51, through col. 25, line 10; *id.*, col. 25, line 66, through col. 26, line 17. The '814 patent had one challenged original independent system claim (claim 1). *See* '814 patent, col. 23, lines 18–41.

Original independent claim 12 of the '902 patent and its dependent claims are relevantly similar to claim 12 of the '307 patent and its dependent claims. The broadest reasonable interpretation of original claim 12 of the '902 patent encompasses both multitrack creation and dropout repair. We affirm the Board's determination as to claim 12 of the '902 patent and its dependents for the same reasons that, in the *'307 Decision*, we have affirmed the Board's determinations as to the original claims at issue there. We

limit our discussion here to claim 7 of the '902 patent and claim 1 of the '814 patent.[1]

First, we agree with the Board that the broadest reasonable construction of "wearable," found in both independent claims, is "suitable and in a condition to be worn," consistent with its dictionary definition. *Lectrosonics*, 2020 WL 407145, at *4. Zaxcom argues for a narrower meaning, requiring that the wearable item be "small, lightweight, unobtrusive, easily hidden, not visible, and designed to be worn on the body of a creator of audio (*i.e.*, performer)." *Id.* We see no persuasive basis, including in the prosecution history cited by Zaxcom, for disagreeing with the Board's conclusion that the broadest reasonable interpretation is not limited by the set of restrictions proposed by Zaxcom, but extends, even in the context of these patents, to the dictionary-based construction adopted by the Board. And under that construction, there is no dispute that Strub (U.S. Patent No. 6,825,875), discloses a "wearable" device as required by the patent claims at issue here. Strub, col. 4, lines 29–31.

Second, we hold that the Board had before it substantial evidence to support its finding that Strub and Woo (U.S. Patent No. 5,479,351) disclosed a "master timecode generator," a term for which there is no claim construction dispute in this appeal. The Board's finding is supported by Woo's disclosure of a master clock for synchronizing recordings "from a plurality of independent recording devices at a shared performance," Woo, col. 4, lines 62–66, col. 7, lines 49–50, and of jam synchronization to allow "a time code generator to follow the time code off another source," *id.*,

---

[1]     The Board's discussion of claim 7 of the '902 patent in IPR2018-01129 is representative of its discussion of the similar claim 1 of the '814 patent in IPR2018-01130, and thus this opinion cites only the IPR2018-01129 Board decision.

col. 3, lines 37–39, along with Strub's disclosure of time-stamping and synchronizing recordings, Strub, col. 79, line 54, through col. 80, line 7.

Finally, the Board had substantial evidence to support its determination that Zaxcom's evidence of industry praise and long-felt need lacked a nexus to the claims. *Lectrosonics*, 2020 WL 407145, at *14. The two independent claims at issue claim systems for time-stamping data from local audio devices, while the evidence of industry praise was directed primarily to the dropout repair capability of Zaxcom's systems, as the Board made clear in the decision we have affirmed in the *'307 Decision*. Thus, the Board properly held all original claims unpatentable.

## II

Lectrosonics, in its cross-appeal, challenges the Board's determination that the substitute claims are not unpatentable. Lectrosonics's arguments in its cross-appeal are materially the same as the cross-appeal arguments we have rejected in the *'307 Decision*. We see no need for a separate discussion of the cross-appeal here. We conclude that the Board properly held all substitute claims not unpatentable.

## III

For the foregoing reasons, we affirm the final written decisions of the Patent Trial and Appeal Board in IPR2018-01129 and IPR2018-01130.

The parties shall bear their own costs.

**AFFIRMED**